# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30493
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 28, 2015

Lyle W. Cayce
Clerk

WARREN SCOTT, III,

Petitioner-Appellant

v.

CORNEL HUBERT,

Respondent-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:08-CV-11

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Warren Scott, III, Louisiana prisoner # 463618, filed a 28 U.S.C. § 2254 petition challenging several convictions. All but one of Scott's claims have previously been denied or dismissed. His one remaining claim challenges the validity of his conviction for sexual battery. In that claim, Scott argued that he received ineffective assistance of counsel when his trial attorney failed to object to the prosecutor's use of peremptory challenges during voir dire to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

excuse potential jurors on the basis of race.  The district court dismissed the claim on its merits.  We granted Scott a certificate of appealability on his claim that trial counsel rendered ineffective assistance by failing to make an objection under *Batson v. Kentucky*, 476 U.S. 79 (1986).

"Claims of ineffective assistance of counsel involve mixed questions of law and fact and are governed by § 2254(d)(1)."  *Clark v. Thaler*, 673 F.3d 410, 416 (5th Cir. 2012) (internal quotation marks and citation omitted).  Under § 2254(d)(1), a federal court must defer to a state habeas court's determination of the merits of a prisoner's claims, unless the state court decision to deny relief "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  § 2254(d)(1).  On appeal, we review the district court's legal rulings de novo and its factual findings for clear error.  *Clark*, 673 F.3d at 417.  We then apply § 2254(d)(1) deference to determine whether the petitioner was entitled to relief.  *Id.*

The Equal Protection Clause forbids a prosecutor from using peremptory strikes against prospective jurors solely on account of their race.  *Batson*, 476 U.S. at 84.  The Court held in *Vasquez v. Hillery*, 474 U.S. 254, 261-64 (1986), that discrimination on the basis of race in the selection of grand jurors is a form of structural error that voids a conviction.  Since "[t]he basic principles prohibiting exclusion of persons from participation in jury service on account of their race are essentially the same for grand juries and for petit juries," *Batson*, 476 U.S. at 84 n.3 (internal quotation marks and citation omitted), it follows that a *Batson* violation would be a structural error.  In this case, however, we must keep two things in mind.  First, although it was determined that Scott had made out a prima facie *Batson* claim, no purposeful *Batson*

2

violation has been proven here.  Second, Scott presented his claim not as a *Batson* claim but as a claim of ineffective assistance of counsel.

To prevail on a claim of ineffective assistance of counsel, a prisoner must show both that his counsel's performance was deficient and that the deficient performance prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  *Strickland* does not require us to address its deficient-performance and prejudice prongs in any certain order, *see id.* at 697, and we turn first to the prejudice prong.

Citing *Bell v. Cone*, 535 U.S. 685, 694-98 (2002), *United States v. Cronic*, 466 U.S. 648, 659 & n.25 (1984), *Strickland*, 466 U.S. at 692, and *Cuyler v. Sullivan*, 446 U.S. 335, 345-50 (1980), Scott argues that there is a narrow category of cases in which prejudice is presumed.  However, the situations that justified a presumption of prejudice in the cases cited by Scott are not present in this case, and Scott makes no attempt to argue otherwise.  Additionally, this court has declined to "hold that a structural error alone is sufficient to warrant a presumption of prejudice in the ineffective assistance of counsel context." *Virgil v. Dretke*, 446 F.3d 598, 607 (5th Cir. 2006).  Thus, prejudice is not presumed, and Scott was required to show that his counsel's failure to raise *Batson* objections during voir dire prejudiced his defense.  *See Strickland*, 466 U.S. at 687; *Virgil*, 446 F.3d at 607.

Scott asserts that, because counsel failed to make a timely *Batson* objection, the State was allowed to use its peremptory challenges to eliminate black prospective jurors from the petit jury.  "In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome" of the proceeding.  *Harrington v. Richter*, 562 U.S. 86, 111 (2011).  Instead, the *Strickland* prejudice inquiry looks to "whether it is reasonably likely the result [of the proceeding] would

have been different." *Id.* (internal quotation marks and citation omitted). Moreover, "[t]he likelihood of a different result must be substantial, not just conceivable." *Id.* at 112. The Supreme Court has not held that prejudice is presumed in an ineffective assistance of counsel case based upon failing to make a meritorious *Batson* objection. Thus, arguably, the Louisiana courts have not "unreasonabl[y] [applied] clearly established Federal law, *as determined by the Supreme Court of the United States*" to this issue in Scott's case. § 2254(d)(1) (emphasis added).

In any event, this case does not involve the failure to make a meritorious *Batson* objection. Here, the state court record reveals a race-neutral basis for each peremptory strike by the State of an African American venireperson, although not, as Scott argues it should have been, in a *Batson* hearing following a defense lawyer objection. Nonetheless, the reasons are present in the actual voir dire record, as painstakingly examined and explained by the State in its brief. Thus, prejudice has not been shown because the *Batson* challenge would not have been successful. Scott has not met his burden of showing *Strickland* prejudice. Therefore we need not consider the deficient-performance prong, and his *Strickland* claim fails. *See Strickland*, 466 U.S. at 697. Scott thus has not shown that the state habeas court's denial of this claim was contrary to, or involved an unreasonable application of, clearly established federal law. *See* § 2254(d)(1).

Finally, the district court held an evidentiary hearing in this case. Citing *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398-99 (2011), Scott argues that the district court was precluded from considering any new evidence adduced at that hearing. Scott is correct that the district court's review of his § 2254 claim was limited to the record that was before the state court. *Id.* But no error occurred here as this limitation was noted in the magistrate judge's report and

4

No. 13-30493

recommendation and none of the evidence from the hearing was considered in analyzing Scott's claims.

AFFIRMED.